STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2002 SEP 23 P 2: 39

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-205
RAC - CUM- 9/23/2002

HOLLY GARRETT,

      Plaintiff

v.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 4 2002

ROBERT JORGENSEN &
MATTHEW JORGENSEN,

      Defendants

The matter before this court is the Defendant Robert Jorgensen's motion to dismiss pursuant to M.R.Civ.P. 12(b)(6).

**FACTS**

Matthew Jorgensen, defendant, operated a motor vehicle in a negligent manner. Robert Jorgensen, defendant, owned the motor vehicle which Matthew negligently operated. Matthew's negligence caused a collision with Holly Garrett while she was riding a bicycle on York Street in Portland, Maine. As a result of the collision, Holly suffered bone fractures and soft tissue injuries as well as consequential damages such as lost and diminished wages and the loss of enjoyment of life. Holly brought suit against both Matthew and his father Robert to recover damages.

**DISCUSSION**

When reviewing the Defendant's motion to dismiss, this court will look at the complaint in the light most favorable to the Plaintiff, taking the material

allegations as admitted. *See* In re Wage Payment Litigation, 2000 ME 162, ¶3, 759 A.2d 217, 220. This court will only dismiss the complaint if it appears beyond doubt that the Plaintiff cannot prove her claims under any set of facts that would entitle her to relief. *See id.*

In the complaint the only set of facts regarding Robert Jorgenson are that he resides in Burlington, Connecticut, and that he owns a motor vehicle which Matthew Jorgensen was negligently operating during a collision with Holly Garrett. Normally, such barren facts do not overcome the view that "Maine law does not impose a duty of parental supervision over the driving of a child merely because of the parent-child relationship." McKenney v. Marston, CV-84-68 (Me. Super. Ct., Sag. Cty., July 31, 1985) (Lipez, J.). However, the Plaintiff has persuaded the court that a period of discovery will allow the Plaintiff to ascertain the extent of Robert Jorgensen's liability. For example, Robert may be liable for his son Matthew's actions in light of the police report showing that Matthew was operating the vehicle in question without a valid driver's license. In addition, Robert may be liable on a theory that the truck Matthew was operating at the time of the accident was registered as a "combination vehicle," which may suggest that it was being used for business purposes.

Wherefore this court shall **DENY** Defendant Robert Jorgensen's Motion to Dismiss.

Dated: September 23, 2002

Roland A. Cole
Justice, Superior Court

2

HOLLY GARRETT  - PLAINTIFF

Attorney for: HOLLY GARRETT
ALEXANDER MCCANN
LAW OFFICES OF ALEXANDER MCCANN, PA
75 PEARL STREET, SUITE 201
PORTLAND ME 04101


vs
ROBERT JORGENSEN  - DEFENDANT

Attorney for: ROBERT JORGENSEN
ELIZABETH J ERNST
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112

MATTHEW JORGENSEN  - DEFENDANT

Attorney for: MATTHEW JORGENSEN
ELIZABETH J ERNST
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00205

**DOCKET RECORD**